IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

3M INNOVATIVE PROPERTIES
COMPANY and 3M COMPANY,

                    Plaintiffs,                    Case No.

        v.                                         Hon.

R.B.L. PLASTICS INCORPORATED,
d/b/a KWIK PAINT PRODUCTS,

                    Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs 3M Company ("3M Company") and 3M Innovative Properties Company ("3M IPC") (collectively referred to herein as "3M") bring this Complaint to stop R.B.L. Plastics Incorporated, d/b/a Kwik Paint Products ("Kwik Paint") from infringing 3M's United States patent rights relating to abrasive articles and to award 3M damages for Kwik Paint's infringement.  3M alleges as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§271, 281-285.

## THE PARTIES, JURISDICTION AND VENUE

2.      Plaintiff 3M Company is a corporation organized and existing under the laws of the state of Delaware, and having its principal place of business at 3M Center, St. Paul, Minnesota 55133.

3.      Plaintiff 3M IPC is a corporation organized and existing under the laws of the state of Delaware, and having its principal place of business at 3M Center, St. Paul, Minnesota 55133.

4.      On information and belief, Defendant Kwik Paint is a corporation organized and existing under the laws of the state of Michigan, and having its principal place of business at 6040 Russell, Detroit, Michigan 48211.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6.      On information and belief, Kwik Paint conducts business throughout the United States, including in this District, and has committed acts of patent infringement in this District and elsewhere.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b) in that Kwik Paint resides in this District, has committed acts of infringement within this District and has a regular and established place of business within this District.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 5,454,844)

8.      On October 3, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,454,844 ("the '844 Patent"), entitled "Abrasive Article, A Process of Making Same, and A Method of Using Same to Finish a Workpiece Surface." A true and correct copy of the '844 Patent is attached as Exhibit A.

9.      3M IPC owns all right, title and interest to the '844 Patent.

10.     3M Company has an exclusive license under the '844 Patent.

11.     The '844 Patent generally relates to abrasive articles used to repair, polish and finish coatings and surfaces.  An example can include repairing defects in painted surfaces.

12.     3M informed Kwik Paint of its rights to the '844 Patent at least as early as March 6, 2013.

13.     Kwik Paint has been, and continues to, infringe, inducing others to infringe, and contributing to the infringement of the '844 Patent by making, using, importing, selling, and/or offering for sale abrasive articles, including its "Mini Finesse System" identified by part number KPTK031W, which infringe the claims of the '844 Patent.

14.     Kwik Paint will continue to infringe, induce other to infringe, and contribute to the infringement of the '844 Patent unless and until it is enjoined by this Court.

15.     Kwik Paint's continuing infringement of the '844 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

16.     Kwik Paint has caused and will continue to cause 3M injury and damage by infringing, inducing others to infringe, and contributing to the infringement of the '844 Patent. 3M will further suffer irreparable injury, for which 3M has no adequate remedy at law, unless and until Kwik Paint is enjoined from infringing the '844 Patent.

## DEMAND FOR JURY TRIAL

17.     3M hereby demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

A.      A judgment that Kwik Paint has directly infringed one or more claims of the '844 Patent, contributorily infringed the '844 Patent and/or induced infringed infringement of the '844 Patent;

B.      A permanent injunction enjoining Kwik Paint and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '844 Patent;

C.      A judgment that Kwik Paint's infringement has been willful;

D.      An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case under 35 U.S.C. §285;

E.      A judgment and order requiring Kwik Paint to pay 3M damages under 35 U.S.C. §284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. §284;

F.      A judgment and order requiring Kwik Paint to pay 3M the costs of this action;

G.      A judgment and order requiring Kwik Paint to pay 3M pre-judgment and post-judgment interest on the damages award; and

H.      Further relief as the Court may deem just and proper.

Respectfully submitted,

Miller, Canfield, Paddock & Stone, P.L.C.

Dated: May 1, 2013

By:  /s A. Michael Palizzi
A. Michael Palizzi (P47262)
Jeffrey M. Drake (IL6281315)
Attorneys for Plaintiff
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Phone: (313) 963-6420
palizzi@millercanfield.com
drake@millercanfield.com